UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD DAVIS,

       Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.

       Defendants.

Case No. 1:13-CV-1231

HON. ROBERT J. JONKER

## OPINION AND ORDER
## RE REPORT AND RECOMMENDATION

The matter before the Court is the Magistrate Judge's Report and Recommendation (docket no. 43), recommending that the Defendants' motion for summary judgment (docket no. 24) be granted and state law claims dismissed. The Plaintiff has filed a set of Objections to the Magistrate Judge's Report and Recommendation (docket no. 45).

### I. STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, where a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made

in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge, the Report and Recommendation itself, and the Plaintiff's Objections to the Magistrate's Report and Recommendation. After its review, the Court approves and adopts the Magistrate Judge's Report and Recommendation.

This case involves Plaintiff Davis's claim that he was retaliated against by numerous MDOC officers, particularly Defendants Dulaney and Darnell, in response to a grievance that he filed. The alleged sequence of events is long, and aptly summarized by the Magistrate Judge. Put briefly, Plaintiff alleges that he filed a grievance, and then on June 24, 2013, he was inappropriately harassed as well as tased in the facility's recreational yard. Thereafter, he was taken to punitive segregation, where he remained for days without his TENS unit, a medical device which he uses for pain treatment and relief, despite the fact that he allegedly asked several officers to retrieve the unit. By contrast, MDOC records reflect that Plaintiff was the aggressor; at an administrative hearing on July 1, 2013, Plaintiff was convicted for insolent behavior as well as assault and battery in the recreational yard. Plaintiff asserted various claims, including retaliation, equal protection, cruel and unusual punishment, violation of due process, violations of state law, inhumane treatment, discrimination, and harassment.

The Report and Recommendation carefully reviews the record and examines the relevant law. The Court finds the Magistrate Judge's Report and Recommendation to be well-reasoned and thorough, and accordingly adopts its conclusion.

## II.  DAVIS'S OBJECTIONS

### A.  Objection No. 1: Plaintiff's Conviction for Assault and Battery

Plaintiff Davis notes that the "assault and battery in question was not against the defendant Darnell." (Docket no. 45, Obj. at 1, PageID # 372.) The misconduct report cited by Plaintiff states that Plaintiff "threatened officer Darnell, Davis had been tased twice with little effect and was still being [uncooperative] as we walked thru [sic] the gate area Davis turned and pulled away from this officer." (Docket no. 25-6, Report at 11, PageID # 235.) The Court cannot identify the basis for the objection, but in any event, notes that even if the Report and Recommendation conflated Defendant Dulaney for Darnell, or Defendant Dulaney for Cooper, that it does not undermine its thorough recitation of the facts and its conclusions of law.

### B.  Objection No. 2: Verification

Plaintiff argues that his complaint should be given the weight of an affidavit under the authority of *Brown v. Waters*, 959 F.2d 233 (6th Cir. 1992) (unpublished decision). (Docket no. 45, Obj. at 2, PageID # 373.) The Report and Recommendation found that the Complaint did not comply with the requirements of 28 U.S.C. section 1746. (Docket no. 43, Report at 8, PageID # 351.) Section 1746 states that verification must be or substantially be in the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746(2).

In *Brown*, the Sixth Circuit partially upheld a district court's judgment adopting a Report and Recommendation, but vacated the district court's judgment on a defendant's cruel and unusual punishment claim. *Id.* at *1–2. It did so because "Brown's allegations . . . were made in a verified complaint. Although unsworn, the verified complaint is sufficient to defeat defendants' motion for summary judgment on this issue because Brown signed the document under penalty of perjury." *Id.* The Plaintiff's argument that he used practically the same language in his verification as did the plaintiff in *Brown* is not supported by the case. The case indicates only that Brown's complaint was verified, not why it was so. *Id.*

This objection therefore does not undercut the Report and Recommendation's analysis that his "true and correct *to the best of my knowledge and understanding*" does not amount to a declaration authorized by 28 U.S.C. section 1746, or under the various case law cited in the Report and Recommendation. (Docket no. 43, Report at 8, PageID # 351.)

### C. Objection No. 3: Personal Knowledge

The Report and Recommendation also found that Plaintiff's Complaint did not create a genuine issue of material fact. Plaintiff argues that his Complaint is indeed based on personal knowledge. (Docket no. 45, Obj. at 2, PageID # 373.) The Report and Recommendation noted various authority requiring that even pro se defendants assert facts that are based on more than the Plaintiff's "to the best of my . . . understanding" language. (Docket no. 43, Report at 9, PageID # 352.) The Plaintiff expresses dissatisfaction with the result reached, but points to no authority or otherwise raises any issue undermining the Report and Recommendation's analysis.

### D. Objection No. 4: Exhaustion

Plaintiff objects to the Report and Recommendation's conclusion that he has not properly exhausted his claims against Defendants Lehman and Cooper, and some of his claims against Defendants Dulaney and Darnell. Plaintiff argues that, within the body of grievance 766, that he did in fact describe the actions of all of the Defendants. Plaintiff does state in Step I that he was writing his grievance against Officers Dulaney and Darnell, as well as "all the other officers" who helped carry out the act of retaliation. (Docket no. 35-1, Attachment A at 5, PageID # 299.)

But his description of the act of retaliation relates only to the conduct in the recreational yard involving those two Defendants. While Defendant Cooper may have been in the general area, the information listed in the grievance does not identify any sort of retaliatory act committed by a John Doe. Even viewing the open-ended language concerning the identity of the officers in the light most favorable to the Plaintiff, it does not support his claim that he properly exhausted his claims against Officer Lehman or Officer Cooper, nor any other claims against Officers Dulaney and Darnell. The Report and Recommendation therefore reached the correct conclusion, that only the retaliation claim against Officer Dulaney and Officer Darnell were properly exhausted and were therefore the only claims that should survive the Defendants' motion for summary judgment.

Plaintiff also objects, arguing that grievance 722 did in fact apply to material alleged in his complaint. The Report and Recommendation stated that it did not. (Docket no. 43, Report at 13, PageID # 356.) Grievance 722 addresses a June 16, 2013 incident between Plaintiff and Officer Dulaney concerning use of the bathroom, as the Report and Recommendation correctly

notes. (Docket no. 25-3, Ex. B at 11, PageID # 205.) Davis's complaint states that on June 17, 2013, he filed a grievance concerning this matter, and that on June 24, 2013, Defendant Dulaney approached him concerning this grievance, and that this is when the alleged retaliation began. (Docket no. 1, Compl. at 8 ¶¶ 1–2, PageID # 8.) Under Plaintiff's view of the case, this appears to be the event that set the sequence in motion. The Court therefore agrees with the Plaintiff that the content of grievance 722 applies to material in his complaint, but observes that it relates only to Defendant Dulaney's alleged retaliation, which the Report and Recommendation and this Court do not dismiss for failure to exhaust. Therefore, it does not affect the conclusion that the remaining claims against Defendants Dulaney, or the other officers, were not properly exhausted.

### E. Objection No. 5: Eighth Amendment Claim

The Plaintiff objects to the Report and Recommendation on the basis that it improperly afforded greater weight to the Defendants' affidavits. The Report and Recommendation found that this claim failed on two separate grounds: first, because the Defendants' affidavits indicate that they lacked access to the TENS unit but took steps to obtain it; and second, because plaintiff has failed to place any verifying medical information in the record to show the detrimental effect of a delayed delivery. (Docket no. 43, Report at 18, PageID # 361.) The Plaintiff objects that his complaint should have been treated as verified, a conclusion that the Court rejects for the reasons listed above.[1]

---

[1] Plaintiff does not appear to object to the other grounds supporting this conclusion. The Report and Recommendation correctly notes that "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier v. Madison Cnty., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

### F. *Objection No. 6: First Amendment Retaliation*

Plaintiff argues that the Report and Recommendation's ruling on his First Amendment retaliation claims against Defendants Dulaney and Darnell was flawed based on Plaintiff's characterization of the July 1, 2013 administrative hearing. Plaintiff disagrees that his retaliation claim was addressed at that hearing, stating that it was instead focused on separate misconduct: namely, assault and battery, and whether he had displayed aggressive behavior towards an officer, noting again that video footage demonstrated that he had not.

The Court finds that the misconduct was not separate, and accordingly agrees with the Report and Recommendation's analysis of the claim. The misconduct hearing report addresses two charges, one for threatening behavior, and the other for assault and battery. Both charges relate to the incident in the recreational yard. Plaintiff is correct that the hearing officer agreed with the Plaintiff, and not the officers, that the in the exchange between Defendant Darnell and Plaintiff, Plaintiff did not initially display aggressive behavior towards the officer. This was corroborated by video tape. However, the hearing officer found that Plaintiff was insolent toward Defendant, namely that he used abusive language that set the entire sequence of events in motion. He also found that Plaintiff's refusal to submit to cuffing, and a subsequent action

---

While there does appear to be a narrow exception under this rule for *very obvious*, extremely serious circumstances, such as continual vomiting and other "classic signs of appendicitis," *see Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 900 (6th Cir. 2004), the Court notes that even in *Napier*, the Sixth Circuit found that a failure to show medical evidence, in the context of missed dialysis treatments and kidney failure, doomed an Eighth Amendment claim, *see Napier*, 238 F.3d at 743. Accordingly, even accepting as true Plaintiff's allegation that he experienced very serious back pain during this experience, the Court agrees with the Report and Recommendation that the failure to produce medical evidence leaves the Eight Amendment claim unsupported.

where he "bent forward while simultaneously twisting to the right and away from the Reporting Officer's grasp," constituted an assault and battery. (Docket no. 1-1, Report at 22, PageID # 52.)

### G.  Objection No. 7: Reviving the First Amendment Retaliation Claim

Plaintiff argues that because he was not found guilty of the misconduct addressed at the July 1, 2013 hearing, the Report and Recommendation's determination that he cannot revive his retaliation claim is incorrect. Plaintiff is incorrect. He was in fact found guilty of two charges of misconduct, despite the fact that the video tape did not corroborate some of the allegations of the officer. (Docket no. 1-1, Report at 22, PageID # 52.)

### H.  Objection No. 8: State Claims

Plaintiff believes that his federal claim should survive, and on that basis objects to the Report and Recommendation's dealing with his state law claims. The Court agrees with the Report and Recommendation as to the federal claims and the state law claims.

## III. CERTIFICATE OF APPEALABILITY

Under the Antiterrorism and Effective Death Penalty Act, a plaintiff may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); *see also*, *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be

issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Plaintiff must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Plaintiff is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In this case, Plaintiff has not made a substantial showing of the denial of a constitutional right. Therefore, he is not entitled to a certificate of appealability.

## IV. CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket no. 43), is accepted; Defendants' motion for summary judgment (docket no. 24) is **GRANTED**; and the remaining state law claims against Defendants are **DISMISSED.**

**IT IS SO ORDERED.**

Dated:   September 4, 2015            /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      CHIEF UNITED STATES DISTRICT JUDGE